IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AARON DANIEL PAVICH,                )
                                    )
                       Plaintiff,   )
                                    )
v.                                  )    No. 24-1880 C
                                    )
THE UNITED STATES,                  )
                                    )
                       Defendant.   )

**DEFENDANT'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims

(RCFC), defendant, the United States, respectfully submits this motion to dismiss for lack of

subject matter jurisdiction.  Plaintiff, Aaron Daniel Pavich, alleges a cause of action against

defendant for allegedly wrongfully refusing to issue him a diplomatic passport in violation of

"Universal Code of Human Rights" Article 15.  This Court lacks jurisdiction to entertain this

claim.  Accordingly, we respectfully request that the Court dismiss Mr. Pavich's complaint.  In

support of this motion, we rely upon the complaint and the following brief.

**BACKGROUND**

On November 13, 2024, Mr. Pavich filed a complaint against the United States, claiming

jurisdiction because the U.S. Department of State (State) is a Federal agency.  Compl., ECF No.

1 at 1.  Mr. Pavich alleges that he is a noncitizen U.S. national and ambassador-at-large for the

Nation of the Amnesty Coalition.  *Id.* at 2-3.  Mr. Pavich alleges that the Nation of the Amnesty

Coalition is assisting the United States "with the lawful elimination of the 14th Amendment as

well as helping to bring lawful money (gold and silver coins) back as a method of commercial

exchange."  *Id.* at 2.  Mr. Pavich alleges that he applied for a diplomatic passport and State

wrongly denied his application because it assumed he was a 14th Amendment citizen in violation

1

of the "Universal Code of Human Rights" Article 15.[1]  *Id.* at 2.  Mr. Pavich denies that he is a

U.S. citizen.  *Id.* at 2.  In his request for relief, Mr. Pavich seeks a diplomatic passport,

"[r]escission of any/all personal information from all federal databases . . .[,]

Compensatory/Liquidation/Incidental damages including [20,000] Federal Reserve Notes

Quantum meruit Twenty Unites States customary units of Gold."  *Id.* at 3.

## ARGUMENT

I.       Standards For A Motion To Dismiss For Lack Of Subject Matter Jurisdiction

A challenge to the "court's general power to adjudicate in specific areas of substantive

law . . . is properly raised by Fed. R. Civ. P. 12(b)(1) motion."  *Palmer v. United States*, 168 F.3d

1310, 1313 (Fed. Cir. 1999).  In determining whether it has subject matter jurisdiction to

entertain a plaintiff's complaint, the Court should presume all undisputed factual allegations to

be true and construe all reasonable inferences in favor of the plaintiff.  *Scheuer v. Rhodes*, 416

U.S. 232, 236-37 (1974).  If this Court's jurisdiction is challenged, a plaintiff cannot rely merely

on allegations in the complaint, but must instead bring forth relevant, competent proof to

establish jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189

(1936).  The plaintiff bears the burden of establishing the Court's jurisdiction by a

preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748

(Fed. Cir. 1988).

Pleadings of a *pro* se plaintiff are held to a less stringent standard than those of litigants

represented by counsel.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519,

520 (1972).  Nevertheless, "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his

---

[1]  Our research has not found any "Universal Code of Human Rights."  We believe Mr. Pavich may be referring to the "Universal Declaration of Human Rights" (UDHR). https://www.ohchr.org/en/human-rights/universal-declaration/translations/english (last visited Jan. 7, 2025).

complaint may explain its ambiguities, but it does not excuse its failures, if such there be."

*Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  In particular, a *pro se* plaintiff is not

excused from the burden of meeting the Court's jurisdictional requirements.  *Kelley v. Sec'y,*

*U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  Further, this Court has "no duty . . .

to create a claim which [the plaintiff] has not spelled out in his pleading . . . ."  *Scogin v. United*

*States*, 33 Fed. Cl. 285, 293 (1995) (quotation marks omitted).

II.      The Jurisdiction Of This Court Is Limited

The jurisdiction of the United States Court of Federal Claims is established and limited

by the Tucker Act.  *See* 28 U.S.C. § 1491.  The Tucker Act is a waiver of sovereign immunity,

and it thus must be strictly construed.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The Act grants the Court "jurisdiction to render judgment upon any claim against the United

States founded either upon the Constitution, or any Act of Congress or any regulation of an

executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491.  The

Tucker Act, however, is merely "a jurisdictional statute; it does not create any substantive right

enforceable against the United States for money damages . . . the Act merely confers jurisdiction

upon it whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398

(1976).  Thus, "a plaintiff must identify a separate source of substantive law that creates the right

to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

III.     This Court Should Dismiss Mr. Pavich's Complaint

This Court should dismiss Mr. Pavich's complaint for at least two independent reasons.

First, Mr. Pavich has not identified any money-mandating source of law that permits this

Court to exercise jurisdiction under the Tucker Act.  Mr. Pavich alleges that State's denial of his

application for a diplomatic passport violates the "Universal Code of Human Rights."  Compl.,

ECF No. 1 at 2.  The complaint does not allege any basis for monetary recovery, and there is no indication that either the "Universal Code of Human Rights," or the UDHR, are money-mandating sources of law.[2] *Stone v. United States*, 152 Fed. Cl. 649, 654–55 (2021) ("Because Stone fails to identify a money-mandating source of law, none of his claims meet this Court's jurisdictional requirements, and his claims must be dismissed.").

Second, international agreements and treaties, such as the "Universal Code of Human Rights," or the UDHR, do not provide a basis for jurisdiction.  *Gaddis v. United States*, No. 24-476, 2024 WL 3358160, at *4 (Fed. Cl. July 10, 2024) ("None of these agreements [including UDHR] provides the Court with jurisdiction over Plaintiff's claims.").  This Court lacks jurisdiction over "any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."  28 U.S.C. § 1502.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.

---

[2]  Article 15 of the UDHR states:
1.    Everyone has the right to a nationality.
2.    No one shall be arbitrarily deprived of his nationality nor denied the right to change his nationality.

Assistant Director

s/ Laura Offenbacher Aradi
LAURA OFFENBACHER ARADI
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 514-4151
E-mail Laura.O.Aradi@usdoj.gov

January 14, 2025                    Attorneys for Defendant


CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of January 2025, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION" addressed as follows:

Aaron Daniel Pavich
20021 Brick Road
South Bend, IN 46637

s/ Laura Offenbacher Aradi
Laura Offenbacher Aradi

5