# In the United States Court of Federal Claims

AARON DANIEL PAVICH©/Attorney-in-Fact
20021 Brick Rd,
South Bend, IN, 46637
apavich202@gmail.com
(574)-378-8900

1/14/25

Case: 1:24-cv-01880-ZNS
Judge: Zachary N. Somors

### Response To Motion of Dismissal

**Introduction**

Plaintiff AARON DANIEL PAVICH©/Attorney-in-Fact submits this response to the Court's Motion to Dismiss regarding subject matter jurisdiction. This Court has jurisdiction over this matter pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a), and 1491, and under principles of diversity jurisdiction.

## I. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(h)(3) mandates that if a court finds it lacks subject matter jurisdiction, it must dismiss the action. Here, subject matter jurisdiction is firmly established through two principal avenues: diversity jurisdiction and exclusive jurisdiction over violations of federal laws.

### A. Diversity Jurisdiction

The Claim does not exceed the jurisdictional threshold of $75,000, and involves parties from different states, satisfying the criteria for diversity jurisdiction. As articulated in 28 U.S.C. § 1332, this Court is empowered to hear cases where the amount in controversy exceeds $75,000, and the parties are citizens of different states.

### B. Exclusive Jurisdiction under the Tucker Act

Received – USCFC

JAN 27 2025

The Tucker Act provides this Court with exclusive jurisdiction to hear claims against the United States for monetary damages. Specifically, the Tucker Act allows for the pursuit of claims for the violations of contractual agreements, such as a breach of a "passport application". This claim, exceeding the $10,000 threshold, falls squarely within the ambit of the Tucker Act.

1. **Contractual Claims**
   Plaintiff asserts breach of contractual agreement, which gives rise to claim under the Tucker Act. The government's actions directly violate this contract, warranting duress.

2. **Non-Contractual Claims**
   The Tucker Act also encompasses non contractual claims where the plaintiff seeks the return the money paid to the government, or asserts entitlement to payment. The nature of the claims supports jurisdiction under both categories.

## II. Exclusive Jurisdiction for Violations of Federal Law

This Court holds exclusive jurisdiction over cases that involve violations of federal laws, which is relevant in this matter. The claim directly involves the applications of federal statutes governing contracts, including the United States Constitution and relevant provisions of the Uniform Commercial Code (UCC).

## III. Conclusion

For the reasons outlined above, this Court possesses subject matter jurisdiction over this action. The combination of diversity jurisdiction, the Tucker Act's provisions, and the exclusive jurisdiction over violations of federal law collectively affirm that this Court is the proper venue for the resolution of Plaintiff's claims.

Plaintiff respectfully requests that the Court denies the Motion For Dismissal and allow this case to proceed.

**Respectively Submitted**

AARON DANIEL PAVICH©
Attorney-in-fact

1/14/25

Without Prejudice, Without Recourse

Aaron Daniel Pavich, agent

Aaron Daniel Pavich/Attorney-in-Fact



Aaron Daniel Pavich
C/O: 20021 Brick Road
South Bend, Indiana [46637]

CERTIF

RDC 99

$5.58

S2324K504238-17

9589 0710 5270 1952 9109 63

RECEIVED
JAN 27 2025

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

20439-