IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AARON DANIEL PAVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-1880 C |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, the United States, respectfully submits this reply in support of its motion to

dismiss for lack of subject matter jurisdiction the complaint filed by plaintiff, Aaron Daniel

Pavich. None of the bases for jurisdiction stated in Mr. Pavich's response (Pl. Resp., Jan. 27,

2025, ECF No. 7) establish that this Court possesses subject matter jurisdiction to entertain the

allegations in Mr. Pavich's complaint, which concern the U.S. Department of State's refusal to

issue him a diplomatic passport. Compl., ECF No. 1 at 2. Accordingly, we respectfully request

that the Court dismiss Mr. Pavich's complaint.

**ARGUMENT**

Mr. Pavich alleges that this Court possesses jurisdiction under three theories: jurisdiction

under the Tucker Act, diversity jurisdiction, and Federal question jurisdiction. All three theories

must fail.

First, in our motion we established that this Court lacks jurisdiction under the Tucker Act,

28 U.S.C. § 1491, for two reasons: (1) there is no money-mandating source of law that permits

this Court to exercise Tucker Act jurisdiction and (2) international agreements and treaties, like

the "Universal Code of Human Rights," or the Universal Declaration of Human Rights, do not

provide a basis for jurisdiction. Def. Mot., ECF No. 6 at 3-4.

1

Mr. Pavich completely ignores these arguments and instead relies on vague (and inaccurate) statements about the scope of Tucker Act jurisdiction. For instance, Mr. Pavich asserts that the Tucker Act covers contractual claims, such as "a breach of a 'passport application.'" Pl. Resp., ECF No. 7 at 2. A passport application is not a contract. It is an application. There is no contractual claim here. Mr. Pavich also asserts that the Tucker Act covers "non contractual claims where the plaintiff seeks the return the money paid to the government, or asserts entitlement to payment." *Id*. Here, Mr. Pavich is merely making broad statements that have no relevance to the allegations raised in his complaint. While his general statement arguably describes illegal exaction cases,[1] Mr. Pavich identifies no such case (and we have found none) in which an illegal exaction encompasses denial of a passport application. Therefore, this Court does not possess subject matter jurisdiction under the Tucker Act.

Second, Mr. Pavich argues that this Court has diversity jurisdiction, 28 U.S.C. § 1332. This is incorrect. Diversity jurisdiction is conferred on Federal *district* courts, not this Court. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction. . . ."); *Bishop v. United States*, No. 23-784C, 2023 WL 3884039, at *1 (Fed. Cl. June 8, 2023) ("He cites 28 U.S.C. § 1332 as the basis for this Court's jurisdiction, but while that statute addresses diversity jurisdiction in the district courts, this Court is a National Court, not a district court, and lacks diversity jurisdiction.") (footnote omitted); *Ali v. United States*, No. 19-586C, 2019 WL 3412313, at *4 (Fed. Cl. July 29, 2019) ("The presence of a federal question or diversity of

---

[1] "An 'illegal exaction claim may be maintained when the plaintiff has paid money over to the Government ... and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Landa v. United States*, 153 Fed. Cl. 585, 592 (2021) (quoting *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996) (internal citation omitted)).

citizenship between parties provides a jurisdictional basis for federal district courts, not for this court.") (citing 28 U.S.C. §§ 1331, 1332, 1491).

Third, Mr. Pavich argues that this Court has "exclusive jurisdiction over cases that involve violations of federal laws," which we interpret to refer to Federal question jurisdiction, 28 U.S.C. § 1331. ECF No. 7 at 2. This theory also lacks a legal basis. Like diversity jurisdiction, Federal question jurisdiction is conferred on Federal *district* courts, not this Court. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction. . . ."); *Rodgers v. United States*, 153 Fed. Cl. 538, 541 (2021) ("Section 1331 only confers federal question jurisdiction on district courts.") (citing 28 U.S.C. § 1331).

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Laura Offenbacher Aradi
LAURA OFFENBACHER ARADI
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station

Washington, D.C. 20044
Tel. (202) 514-4151
E-mail Laura.O.Aradi@usdoj.gov

February 5, 2025

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 5th day of February 2025, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION" addressed as follows:

Aaron Daniel Pavich
20021 Brick Road
South Bend, IN 46637

<u>s/ Laura Offenbacher Aradi</u>
Laura Offenbacher Aradi